ANDREW PETERSEN AND SARAH PETERSEN, RESPONDENTS, v. SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, APPELLANT.

Submitted March 27, 1922—Decided June 19, 1922.

Where a beneficial association authorizes one of its subordinate branches to collect dues, to be forwarded to it, the branch becomes the agent of the association for that purpose, and if it, by its uniform course of dealing with members of the association liable to pay it dues, leads the members to believe that neglect to make prompt payments, according to the strict terms of their contract, will not result in a forfeiture of it, and the branch, by resolution agreeing to and in pursuance thereof, does advance, out of its own funds, to the association the dues of a member in arrears for one month, which he repays the branch according to the customary course of collections, no forfeiture arises.

On appeal from the Supreme Court.

For the appellant, *Harry Heher*.

For the respondents, *James R. McDermit.*

The opinion of the court was delivered by

BERGEN, J.   This action was tried at the Circuit Court of the county of Middlesex before the judge of that court, ·a jury being waived, and on the findings by the court in favor of the plaintiffs a judgment was entered from which defendant appeals.   The record shows that the defendant is a duly °organized beneficial association, divided into what is denominated local camps, members being entitled to stipulated benefits, payable by the organization to members having legal claims and not by the local camps; that November 12th, 1914, one Nels P. Petersen had issued to him by the sovereign camp, a contract certifying that while he was a member, in good standing, of Perth Amboy Camp, No. 19, he was entitled to participate in the beneficiary fund of the sovereign camp to the amount, *inter alia,* of $1,000, should his death occur after the second year of his membership, payable, at his death, to his parents, the plaintiffs, as his designated beneficiary; that continued membership depended upon the payment in advance of an annual assessment according to the age of the member at the time of his entry, provided that members, if they elected, might pay the same in twelve monthly installments, to the clerk of their camp on or before the first day of each month; that if payments were elected to be made monthly, the clerk of the local camp should collect the monthly installment and forward it to the sovereign clerk with his monthly report of the installments collected from members of his camp; that Petersen was a soldier in the service of the United States in the late war with Germany, and was killed in the battle of the Argonne Forest, October 16th, 1918, of which plaintiffs had no notice until November 14th, 1918; that during his war service his monthly dues were paid by his father; that under the constitution and by-laws of the defendant dues were to be paid on or before the first of the month following the month for which they were due, and in default the member stood suspended; that the dues for September, 1918, were not paid to the clerk of the local camp until October 24th, 1918, but were advanced

and paid by the clerk to the sovereign camp in due course, and accepted and retained by it.

In support of this appeal defendant argues that the non-payment of the dues for the month of September, 1918, to the clerk of the local camp during that month, although advanced and paid by it to, and accepted by, the sovereign camp in due course, worked a forfeiture of the certificate. It appears in the record that the local camp had adopted a resolution instructing its clerk to pay the assessment of any member who was in arrears for the month preceding the sending of the monthly report, out of the funds of the camp, and that this was done in this case, and that the resolution and course of conduct under it, was known to plaintiffs who usually paid every two months, paying, October 24th, 1918, the dues for September and October, 1918. On these facts the trial court held as a matter of law that the legal effect of the resolution and the practice under it was to apply the moneys of the local camp, without other formal action, for the benefit of a delinquent member for one month. This was correct. Where a beneficial association authorizes one of its subordinate branches to collect dues, to be forwarded to it, the branch becomes the agent of the association for that purpose, and if it, by its uniform course of dealing with members of the association liable to pay dues, leads the members to believe that neglect to make prompt payments, according to the strict terms of their contract, will not result in a forfeiture of it, and the branch by resolution, agreeing to, and in pursuance thereof does, advance, out of its own funds, to the association, the dues of a member in arrears for one month, which he repays the branch according to the customary course of collections, no forfeiture arises. According to appellant's contention the contract, if strictly construed, would require all dues to be in the hands of the clerk of the sovereign camp on the last day of each month, if payable in monthly installments; but clearly this was waived by it when it authorized such payment to be made to the clerk of the local camp and accepted payments from him, as the proofs show it did, any

time before the twentieth of the next month. *Modern Woodmen of America* v. *Tevis*, 49 *C. C. A.* 256; *Grand Lodge, A. O. U. W.*, v. *Lachmann*, 64 *N. E. Rep.* 1022. Forfeitures are not favored in law and there is nothing in the record to warrant or require the forfeiture of plaintiff's certificate of insurance.

The record in this case is very imperfect and we have considered the questions raised only because no objection was taken to it, and argued; still we do not wish the course adopted to be considered as a precedent to be relied on as governing our future action on a similar record. All we have before us is a finding of fact and judgment, without request to charge or any objection to the ruling of the court. Nor are the grounds of appeal sufficient, as they do not specify any particular error complained of; all they set out is that the trial judge erroneously rendered a verdict for the plaintiffs, which is only reviewable on rule to show cause; but if it is desired to review any error of law in the findings of the court where a jury is waived, the legal error must be specified in the grounds of appeal filed and served under rule 139 of the Supreme Court. *Pannonia B. and L. Association* v. *West Side Trust Co.*, 93 *N. J. L.* 377.

The judgment appealed from will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.

*For reversal*—None.